GREEN, J.
delivered the opinion of the court.
This bill is filed by the heirs and administratrix of Samuel *201 Nicholson, against the heirs and administratrix of Thomas Johnson deceased, who are all residents of another State; and Asahel Johnson, a citizen of this State.
The bill alledges that Samuel Nicholson was the owner of a large quantity of land in the counties of Hawkins, Grainger and Claiborne, amounting to 100,000 acres, that he had received advances of money from Thomas Johnson, and to secure the payment thereof, had conveyed him these lands; and that Thomas executed to him a covenant, which constitutes said conveyances only mortgages; Thomas Johnson moved, out of the State, and appointed his brother Asahel Johnson, the other defendant, his agent and attorney to attend to said lands, conduct suits for their recovery, and to sell and convey them for the benefit of said Thomas and the said Nicholson, and that said Asahel did sell a large portion of said land, and received payment to the amount of upwards of .120,000; that in selling said lands, said Asabel acted as agent and attorney of the said Nicholson as well as of the said Thomas Johnson, and that both the said Asahel and the said Thomas, are liable to account to tho said Nicholson for said monies. The bill states that the complainants’ intestate had prosecuted a suit in the federal circuit court at Knoxville against these parties, for an account in the premises, which was defeated by the arts and devices of the defendants, and that this bill was filed shortly after the said suit was dismissed.
The complainants insist that the statute of limitations ought not to operate as a bar to an account in this court because— 1st, This bill is but a continuation of the suit, in the Federal court, which was brought in time; — and
2nd, Because Asahel Johnson’s agency constituted him a trustee, and the statute will not run in a case of direct trust. As to the effect of the suit in the federal court upon the question of the operation of the statute of limitations in this suit, we think the complainants are wholly mistaken. If the statute operates at all in this case, it operates as imperatively in a court of equity, as it does at law. Courts of equity in applying the statute of limitations in analogy to its operation in a court of law, have made but one exception beyond those contained in *202 the statute, and that is where the cause of action has been concealed by fraud. By the 6th section of the act of 1715, ch. 27, the existence of a former suit saves the bar in but three cases, viz, 1, where judgment for the plaintiff has been reversed for error. 2, where judgment for the plaintiff has been arrested; and 3, where the defendant cannot be served with process. In these cases if a new action shall be commenced in one year, the statute does not operate as a bar. This case does not present either of these grounds of exception, and this court has no power to add an exception to the statute, under the influence of the equitable grounds of excuse the complainants set forth.
2. Do the facts stated in the bill constitute Asahel Johnson’s agency, a direct technical trust, of which a court of equity only has jurisdiction? Most clearly they do not. Asahel Johnson is agent and attorney to sell the lands and receive the monies of the complainants. If he fail to pay over these monies, most clearly, he could be sued at law for money received to the use of the complainant. In all cases where there are concurrent remedies at law, and in equity, the statute of limitations operates with as much vigor in the one court as in the other. The trust created in such case, is a constructive trust. This court in the case of Armstrong vs. Campbell (3 Yerg. 201) decided that in such case the statute would operate, and all the authorities, both English and American, hold the same doctrine. But this is no express trust. An agent to sell goods and receive money, is only a bailee. He is trustee by implication of law — and not by express contract. If he fail to pay an action at law may be maintained. The judgment must be affirmed.